In the Matter of the Judicial Settlement of the Accounts of HAROLD
DeFREEST, as Administrator with the Will Annexed of the
Estate of EGBERT DeFREEST, Deceased.

Surrogate's Court, Rensselaer County, May, 1923.

**Executors and administrators — discovery of assets after accounting —
when payment of specific legacies not barred by Statute of Limitations.**

The will of testator who died in 1901 leaving him surviving his widow and four
infant children and to whom another son was born, gave to a son a legacy of
$2,000 and to a daughter a legacy of $500, both children of a former marriage.
Upon the death of the widow, who was given the life use of the residue of the
estate, the same was bequeathed to *her* children.   By the decree entered in 1903
upon the accounting of the widow as executrix of testator's estate it was deter-
mined that there were no assets remaining with which to pay the above-men-
tioned specific legacies.

The widow died in 1922 and in the present proceeding for the judicial settlement
of the accounts of the administrator with the will annexed of the testator it
appeared that the sum of $10,000, which by the terms of an insurance contract
upon the life of the testator was payable to his estate after the death of his wife,
was paid to the accounting administrator with the will annexed.   It further
appeared that in the judicial settlement made by the executrix in 1903 this
insurance contract was not mentioned as an asset of the estate nor was the fact
of its existence in any way disclosed, nor so far as shown by the evidence did the
children of the former marriage of testator have any knowledge of the said
insurance contract prior to the death of their stepmother.   *Held,* that the rights
of all parties having been created by the will the residuary legatees will not be
permitted to raise the unconscionable defense of the Statute of Limitations as a
bar to the payment of the specific legacies to the children of the former marriage
and said legacies should be paid from the estate but without interest.

PROCEEDING to settle accounts of administrator with will
annexed.

*Hampton H. Halsey,* for administrator.

*John P. Albertson,* for Ethel DeFreest Chidester.

*Louis Snyder,* for Harry DeFreest.

WAGER, S.    Egbert DeFreest died the 16th day of August, 1901,
leaving a last will and testament which was thereafter probated
in the Surrogate's Court of Rensselaer county on September 16,
1901.    His widow, Jennie M. DeFreest, was named as sole executrix
and letters were issued to her on said 16th day of September, 1901.
Thereafter, and on October 21, 1903, a decree judicially settling her
accounts as such executrix was entered in the Surrogate's Court.
By her account filed for said settlement it appeared, and the decree
so determined, that there were no assets remaining by which to pay
the legacies given to his children.

Surrogate's Court, Rensselaer County, May, 1923.        [Vol. 120

Egbert DeFreest left four children at the time of his death and after his death another son was born.   By his will the decedent gave to his son Harry DeFreest a legacy of $2,000, and to his daughter Ethel DeFreest, both children of a prior marriage, a legacy of $500, and the residue was bequeathed to his wife, Jennie M. DeFreest, for her use during her lifetime; and upon her death it was given to her children, Ada DeFreest, Harold DeFreest and Inez N. DeFreest. The widow and executrix later remarried and died at the city of Rochester, N. Y., on the 28th day of August, 1922.

It is shown by the testimony taken before me and by the stipulation of attorneys that Egbert DeFreest in his lifetime made an agreement with the Mutual Life Insurance Company of New York whereby said life insurance company agreed to pay to his wife the sum of $500 annually so long as she lived and upon her death agreed to pay the sum of $10,000 to his estate.   It is this $10,000 paid to the administrator with will annexed after the death of Jennie M. that is now sought to be distributed in these proceedings.   In the judicial settlement had by the widow in 1903 she did not mention this insurance contract as an asset of the estate nor in anywise disclose the fact that such a contract existed, and at the time of this settlement all the children of the decedent were minors.

The administrator c. t. a. raises two questions to be determined on this settlement: *First,* he claims that the specific legacies of $2,000 to Harry DeFreest and $500 to Ethel DeFreest have been paid.   *Secondly,* if not paid, that their payment is barred by the Statute of Limitations.

I am satisfied from the evidence taken and submitted to me that those legacies have not been paid, and the question remaining is, are they barred by the statute.

There was no money from which the executrix could have paid these legacies from the estate at the time she had her judicial settlement.   Over twenty years elapsed from the time of the decedent's death until the $10,000 under the insurance contract became payable to the estate.   As far as is disclosed in this proceeding, Harry DeFreest and his sister, Ethel DeFreest, had no knowledge of the existence of this contract prior to their stepmother's death.

The administrator claims that the legacies should not be paid, but on the contrary the whole sum of $10,000 should be distributed to the residuary legatees under the terms of his father's will.   In other words, he claims the will should be operative as to himself and his full brothers and sisters but inoperative as to the specific legacies given to Harry and Ethel.   Such a position seems to be and is inconsistent, and under the circumstances of this case wherein the specific legatees were kept in ignorance of the existence of any

fund from which their legacies could have been collected (and it is very questionable whether they could have been collected even had they known of the existence of this insurance contract), the defense of the Statute of Limitations is an unconscionable one and I believe should not be permitted to be raised in these proceedings. The rights of all the parties are created by the will of the deceased. It is presumed that he made it with full knowledge of the contract that he had entered into with the insurance company whereby his estate would be benefited at some time to the extent of $10,000, and that this estate, from whatever source it came, should pay the legacies bequeathed in his will.

I, therefore, determine that the legacies to Harry and to Ethel are not barred by the Statute of Limitations and for the reasons already given hold that they do not bear interest.

A decree may be entered accordingly.

Decreed accordingly.